CILENTI & COOPER, PLLC
Giustino (Justin) Cilenti (GC2321)
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ZEFERINO CANO MENDOZA and LUIS GARCIA, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

NEW PAPAYA LLC d/b/a THE GREEN PAPAYA, MARY CHERN, and WEI YANGXING,

Defendants.

---

Case No. 25-CV-16165

FLSA COLLECTIVE ACTION COMPLAINT

**Jury Trial Demanded**

Plaintiffs ZEFERINO CANO MENDOZA and LUIS GARCIA ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against defendants NEW PAPAYA LLC d/b/a THE GREEN PAPAYA ("NEW PAPAYA LLC"), MARY CHERN, and WEI YANGXING (collectively, the "Individual Defendants") (NEW PAPAYA LLC and the Individual Defendants are collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1. This is an action brought by Plaintiffs on their own behalf and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New Jersey State Wage Payment Law

("NJSWPL"), N.J.S.A. §§ 34:11-4.1 *et seq.*, and the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), N.J.S.A. §§ 34:11-56a *et seq.*, (collectively, the "Labor Laws") arising from Defendants' failure to pay non-exempt employees at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked over forty (40) hours per workweek.

2. Defendants have willfully and intentionally committed widespread violations of the Labor Laws by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, minimum wages and overtime compensation at the statutory rate of time and one-half for all hours worked above forty (40) hours in a workweek.

3. Plaintiffs allege that, pursuant to the FLSA, they are entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

4. Plaintiffs further allege that, pursuant to the NJSWPL and NJWHLR, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) pre-judgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiffs are residents of Kings County, New York.

8. Defendant, NEW PAPAYA LLC, is a domestic limited liability corporation organized under the laws of the State of New Jersey, with a principal place of business located at 110 Kinderkamack Road, River Edge, New Jersey 07661.

9. Defendant, NEW PAPAYA LLC, owns and operates an Asian fusion restaurant, doing business as "The Green Papaya," located at 110 Kinderkamack Road, River Edge, New Jersey 07661 (the "Restaurant").

10. Defendant, MARY CHERN, is a member, partner, owner, officer, director and proprietor of each of NEW PAPAYA LLC who participates in the day-to-day operations of the Restaurant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with NEW PAPAYA LLC.

11. Defendant, WEI YANGXING a/k/a "Jason," is a member, partner, owner, officer, director and proprietor of each of NEW PAPAYA LLC who participates in the day-to-day operations of the Restaurant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with NEW PAPAYA LLC.

12. The Individual Defendants jointly exercise control over the terms and conditions of employment of the Restaurants' employees in that they have the power and authority to and do in fact: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine

work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

13. At all times relevant to the allegations herein, NEW PAPAYA LLC was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14. Plaintiff ZEFERINO CANO MENDOZA was employed by Defendants as a non-exempt food preparer/kitchen helper and food fryer from on or about December 18, 2024, through on or about August 25, 2025.

15. Plaintiff LUIS GARCIA was employed by Defendants as a non-exempt cook from on or about January 6, 2025, through on or about March 29, 2025.

16. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the NJSWPL and NJWHLR.

17. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the Labor Laws.

18. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19. The Individual Defendants are present at the Restaurant and actively participate in the day-to-day operation of the Restaurant. For instance, the Individual Defendants are not only

considered the bosses, they hire and fire employees, work alongside the employees, supervise and direct the work of the employees, and instruct all employees how to perform their jobs.

20. In addition, the Individual Defendants jointly create, implement, and approve all crucial business policies. This includes, among other things, decisions concerning the number of hours the employees are required to work, and the amount and method by which the employees are paid.

**Plaintiff Zeferino Cano Mendoza**

21. On or about December 18, 2024, Defendants hired Plaintiff ZEFERINO CANO MENDOZA (a/k/a "Javier") to work at the Restaurant as a non-exempt food preparer/kitchen helper and food fryer.

22. Neither at the time of hire nor at any time thereafter did Defendants provide Plaintiff Mendoza with a written notice from the New Jersey Department of Labor that provides employees with information about state wage and hour laws.

23. Plaintiff Mendoza worked for Defendants in those capacities until on or about August 25, 2025.

24. Plaintiff Mendoza worked over forty (40) hours per week.

25. Throughout the entirety of his employment, Plaintiff Mendoza worked six (6) days per week (Tuesday off) and his work shift consisted of eleven (11) hours per day from 10:30 a.m. until 9:30 p.m.

26. Plaintiff Mendoza was not provided a designated meal or rest break during his work shift.

27. Plaintiff Mendoza was not required to punch a time clock or other time-recording device at the beginning and end of his work shift.

28. From the beginning of his employment and continuing through in or about January 2025, Plaintiff Mendoza was not paid proper minimum wages and overtime compensation. During this period, Plaintiff Mendoza was paid, in cash, at the rate of $2,900 per month paid bi-weekly (amounting to $725 per week) straight time for all hours worked and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Beginning in or about February 2025 and continuing through in or about June 2025, Plaintiff Mendoza was not paid proper minimum wages and overtime compensation. During this period, Plaintiff Mendoza was paid, in cash, at the rate of $3,100 per month paid bi-weekly (amounting to $775 per week) straight time for all hours worked and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Beginning in or about July 2025 and continuing through July 2025, Plaintiff Mendoza was not paid proper minimum wages and overtime compensation. During this period, Plaintiff Mendoza was paid, in cash, at the rate of $3,200 per month paid bi-weekly (amounting to $800 per week) straight time for all hours worked and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Beginning in or about August 2025 and continuing through the remainder of his employment on or about August 25, 2025, Plaintiff Mendoza was not paid proper minimum wages and overtime compensation. During this period, Plaintiff Mendoza was paid, in cash, at the rate of $3,300 per month paid bi-weekly (amounting to $825 per week) straight time for all hours worked and worked sixty-six (66) hours per week. Work performed above forty (40)

hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

**Plaintiff Luis Garcia**

32. On or about January 6, 2025, Defendants hired Plaintiff LUIS GARCIA to work at the Restaurant as a non-exempt cook.

33. Neither at the time of hire nor at any time thereafter did Defendants provide Plaintiff Garcia with a written notice from the New Jersey Department of Labor that provides employees with information about state wage and hour laws.

34. Plaintiff Garcia worked for Defendants in that capacity until on or about March 28, 2025.

35. Plaintiff Garcia worked over forty (40) hours per week.

36. Throughout the entirety of his employment, Plaintiff Garcia worked six (6) days per week (Tuesday off) and his work shift consisted of eleven (11) hours per day on Monday, Wednesday, Thursday, and Friday from 10:30 a.m. until 9:30 p.m.; and ten (10) hours per day on Saturday and Sunday from 11:30 a.m. until 9:30 p.m.

37. Plaintiff Garcia was not provided a designated meal or rest break during his work shift.

38. Plaintiff Garcia was not required to punch a time clock or other time-recording device at the beginning and end of his work shift.

39. Throughout the entirety of his employment, Plaintiff Garcia was not paid proper minimum wages and overtime compensation. Throughout the entirety of his employment, Plaintiff Garcia was paid, in cash, at the rate of $3,200 per month paid bi-weekly (amounting to $800 per week) straight time for all hours worked and worked sixty-four (64) hours per week.

Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40. Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees their lawfully earned minimum wages in direct contravention of the NJSWPL and NJWHLR.

41. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in direct violation of the Labor Laws.

42. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

**COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since October 1, 2022, until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

44. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20)

Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

45. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

46. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

48. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

49. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50. Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

51. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

54. At all relevant times, NEW GREEN PAPAYA LLC had gross revenues in excess of $500,000.

55. Plaintiffs and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

56. Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the minimum hours provided for in the FLSA.

57. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

59. Defendants have failed to make, record, report, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

60. Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

61. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

62. Due to Defendants' intentional, willful and unlawful acts, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

63. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New Jersey State Wage Payment Law and the New Jersey Wage and Hour Law]**

64. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1(b), 34:11-56a(1)(g).

66. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

67. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

68. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiffs their lawful minimum wages and overtime compensation for all hours worked when they knew or should have known such was due.

69. Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

70. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

71. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

72. Plaintiffs suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts.

73. Plaintiffs are entitled to recover from Defendants their unpaid minimum wages and overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8.

74. Plaintiffs are entitled to liquidated damages of 200% of the underpayment pursuant to N.J.S.A. §§ 34:11-56.8, 34:11-56a24(a), 34:11-56a25.

**PRAYER FOR RELEIF**

WHEREFORE, Plaintiffs ZEFERINO CANO MENDOZA and LUIS GARCIA, on behalf of themselves all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the New Jersey Wage and Hour Law;

(b) An award of unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Law;

(c) An award of liquidated damages as a result of the Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to the New Jersey Wage and Hour Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(g) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
October 1, 2025

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102

By: */s/ Justin Cilenti*
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Zeferino Cano Mendoza, am an individual formerly employed by Green Papaya and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
September 10, 2025

______________________________
Zeferino Cano Mendoza

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Luis Garcia, am an individual formerly employed by Green Papaya and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
September 29, 2025

Luis Garcia